# IN THE CIRCUIT COURT OF HUMPHREYS COUNTY, MISSISSIPPI

TIMMY SMITH                                                                PLAINTIFF

V.                                                 CIVIL ACTION NO. 2013-0026

HUMPHREYS COUNTY, MISSISSIPPI,
RONNIE BUCHANAN, SAM DOBBINS,
J.D. "BUBBA" ROSEMAN (in both his
official and individual capacities), AND
JOHN DOES 1-5                                                              DEFENDANTS

## COMPLAINT

*** JURY TRIAL DEMANDED***

Plaintiff, Timmy Smith, files his Complaint against Defendants, Humphreys County, Mississippi, Ronnie Buchanan, Sam Dobbins, and John Does 1-5, as follows:

### Parties

1. Plaintiff Timmy Smith is, and was at all relevant times, an adult resident citizen of Humphreys County, Mississippi.

2. Defendant Humphreys County, Mississippi may be served with process by delivering a copy of the Summons and Complaint to Lawrence D. Browder, who is the Clerk of the Board of Supervisors, at his business address of Humphreys County Chancery Court, 102 Castleman Street, Belzoni, MS 39038.

3. Defendant Ronnie Buchanan is, and was at all relevant times, a Deputy in the Humphreys County Sheriff's Department. He may be served by delivering a copy of



CERTIFIED A TRUE COPY
MAR 15 2013

the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, MS 39038.

4. Defendant Sam Dobbins is, and was at all relevant times, a Deputy with the Humphreys County Sheriff's Department. He may be served by delivering a copy of the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, MS 39038.

5. Defendant J.D. "Bubba" Roseman is, and was at all relevant times, the Humphreys County Sheriff. He may be served by delivering a copy of the Summons and Complaint to him at his employment address of 106 Castleman Street, Belzoni, MS 39038. He is sued in both his official and individual capacities as explained below.

6. Defendants John Does 1-5 are other individuals that were involved in the deprivation of Plaintiff's rights as set forth below. They will be added to the Complaint as and when discovery permits better identification of them and the role that they played.

### Venue

7. This Court is the proper venue for this suit because all of the causes of action arose within this county and all of the Defendants reside within this county.

### Personal Jurisdiction

8. This Court has personal jurisdiction over all of the Defendants because they reside within the State of Mississippi.

2

## Subject Matter Jurisdiction

9. This Court has subject matter jurisdiction over the civil rights claims asserted by Plaintiff.

## Statement of the Facts

10. On or about July 4, 2012, Timmy Smith was stopped in his vehicle during a "routine traffic stop" by the Defendant, Sam Dobbins. During a subsequent "routine search" of the Plaintiff's vehicle, a knife was discovered. Timmy Smith was then charged with possession of a weapon by a felon and taken into the custody of the Humphreys County Sheriff's Department.

11. On October 17, 2012, Timmy Smith was still in the custody and control of the Humphreys County Sheriff's Department.

12. On October 17, 2012, MedStat EMS received a call to go to the Humphreys County jail.

13. Upon arriving, the EMS crew found Timmy Smith lying on his back and unresponsive.

14. The EMS crew was told by Ronnie Buchanan that Mr. Smith had attempted to hang himself and remained hanging for only a few seconds.

15. Mr. Smith's vital signs were taken and the EMS crew informed Defendant Buchanan that Mr. Smith needed medical attention.

16. Medical treatment and transport of Mr. Smith were refused by Ronnie Buchanan. Ronnie Buchanan stated that he was following Sheriff Roseman's direct orders.

17. Mr. Smith remained under the custody and control of the Humphreys County Sheriff's Department and was denied medical care.

18. Approximately thirty minutes later, MedStat EMS was again summoned to the Humphreys County jail.

19. Upon arrival, the EMS crew found Mr. Smith in a drastically worsened condition. He had been severely beaten.

20. The EMS crew noted Mr. Smith's face and mouth to be covered with blood, large bruises to his epigastric region and upper back.

21. The EMS crew noted that Mr. Smith was not responding to voice commands and his pupils were not responding appropriately.

22. Sam Dobbins informed the EMS crew that Mr. Smith had been released from the custody of Humphreys County. This meant Mr. Smith was suddenly "free to go" but, of course, he had been so severely beaten that he could not leave of his own accord.

23. Mr. Smith was transported by the EMS crew to the trauma unit of Patients' Choice Medical Center of Humphreys County.

24. While at Patients' Choice Medical Center, emergency room personnel also noted abrasions to Mr. Smith's limbs and multiple bruises and abrasions to his body.

4

25. Mr. Smith was deemed to be in an emergency condition by the emergency room personnel at Patients' Choice Medical Center. As a result, Mr. Smith was airlifted by Air Evac Lifeteam to the University of Mississippi Medical Center (hereinafter "UMC").

26. During transport to UMC, Air Evac personnel noted Mr. Smith to be in an altered level of consciousness and in respiratory distress. Air Evac personnel noted copious amounts of blood coming from Mr. Smith's airway and nose. Air Evac personnel also noted abrasions and bruises to Mr. Smith's body.

27. Upon arrival at UMC, Mr. Smith's physicians noted multiple bruises, abrasions, blood in his mouth, broken teeth, a lacerated tongue, subdural hematoma, intracranial hemorrhaging, soft tissue swelling, lacerations, and marks to his wrists and ankles.

28. It was determined that Mr. Smith had a subarachnoid hemorrhage. As a result, the neurosurgery department was consulted and was being apprised of his condition.

29. Due to the extent of his injuries, Mr. Smith was placed on a ventilator and admitted to the surgical intensive care unit at UMC.

30. The physicians caring for Mr. Smith noted that his numerous injuries were inconsistent with a simple self hanging effort and asked that a vulnerable adult report be made.

31. As a result, an investigation into this matter was opened by the Mississippi Bureau of Investigation and a vulnerable person report was made to the Mississippi Attorney General's office.

32. Mr. Smith remained at UMC for eight days for medical care. On October 25, 2012, Mr. Smith was discharged from UMC.

33. Following discharge, Mr. Smith has attended multiple follow-up appointments with the physicians at UMC.

34. Mr. Smith continues to suffer from his injuries.

35. The injuries outlined above were caused by an assault carried out by Defendants Sam Dobbins and Ronnie Buchanan. Mr. Smith was viciously beaten, shackled, and hit repeatedly with a taser by these two Defendants. Potential other John Doe Defendants may have been involved in the actions which caused these injuries.

## Causes of Action

36. Mr. Smith had the right to be free from an unreasonable search and/or seizure of his person and property. Defendants denied him this right, as guaranteed by the Fourth Amendment of the United States Constitution, and as applied to the States through the Fourteenth Amendment of the United States Constitution.

37. While he was incarcerated in the Humphreys County jail, Timmy Smith had the right to be free of cruel and unusual punishment, which includes being viciously beaten, shackled, and shocked repeatedly with a Taser device. Defendants denied him these rights.

38. The right to be free of such is guaranteed to convicted prisoners pursuant to the Eighth Amendment of the United States Constitution. The same right is guaranteed to pretrial detainees pursuant to the due process clause of the Fourteenth Amendment.

39. It appears under the case law that Plaintiff was, under the particular circumstances of his detention, considered to be a convicted felon whose rights are governed by the Eighth Amendment.

40. Nevertheless, to avoid any uncertainty, Plaintiff alleges, in the alternative, a claim for violation of his rights under the Fourth Amendment and Eighth Amendment and a claim for violation of his rights under the due process clause of the Fourteenth Amendment.

41. While he was incarcerated in the Humphreys County jail, Plaintiff had the right to be free of deliberate indifference to his serious medical needs. Again, these rights are guaranteed to convicted felons by the Eighth Amendment and to pretrial detainees by the due process clause of the Fourteenth Amendment.

42. To avoid any uncertainty, the Plaintiff asserts a claim(s) for violation of his rights under the Fourth Amendment and Eighth Amendment, as well as a claim for violation of his rights under the due process clause of the Fourteenth Amendment. Defendants denied him these rights.

43. The Defendants, Humphreys County, Mississippi, and J.D. "Bubba" Roseman, failed to properly and adequately train, supervise, and/or hire the

Defendants, Ronnie Buchanan and Sam Dobbins, in violation of the Plaintiff's rights. These rights are guaranteed to Plaintiff pursuant to the Fourth Amendment and Eighth Amendment, and as applied in this matter by and through the Fourteenth Amendment.

44. As a direct and proximate result of the actions of the Defendants, the following clearly established and well-settled federal constitutional rights of the Plaintiff were violated, though not limited to such:

    a. Freedom from an unreasonable search and seizure;

    b. Freedom from the use of excessive, unreasonable, and unjustified force against his person;

    c. Freedom from cruel and unusual punishment;

    d. Proper medical care and treatment;

    e. Due process of law; and

    f. Equal Protection under the law.

45. 42 U.S.C. Section 1983 provides a remedy for the violation of Plaintiff's rights as described above. Plaintiff asserts a Section 1983 claim against all Defendants for the violation of his rights while acting under the color of law under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment, and/or the Equal Protection clause as stated above, and otherwise within the meaning of constitutional rights under Section 1983.

46. In addition, pursuant to 42 U.S.C. Section 1988, when he prevails in this action, Plaintiff is entitled to recovery of attorneys' fees, costs and other expenses as set

forth in the statute. Plaintiff asserts a claim against all Defendants for such relief.

### Count I - - liability of Dobbins and Buchanan pursuant to Section 1983

47. Defendants Buchanan and Dobbins were directly involved in the beating of Plaintiff and the denial to him of necessary medical care, all as discussed above. In addition, said Defendants were directly involved in the improper detainment and arrest of the Plaintiff. Such conduct was at all times conducted or performed under the color of law.

48. Pursuant Section 1983, therefore, Plaintiff asserts a claim against Defendants Buchanan and Dobbins for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or Equal Protection clause.

49. Those Defendants have caused him pain, suffering, emotional distress, physical injuries, disability, loss of wages, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

50. Plaintiff seeks compensatory damages against said Defendants, jointly and severally, in an amount to be determined at trial.

51. Plaintiff also seeks an award of punitive damages against said Defendants, jointly and severally, in an amount to be determined at trial.

52. Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendants, jointly and severally.

53. Plaintiff seeks prejudgment interest against said Defendants, jointly and

severally, for the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

54. Plaintiff also seeks post-judgment interest as provided by statute.

### Count II - - County liability under Section 1983

55. Defendant Roseman is a final policymaker for Humphreys County, Mississippi with respect to law enforcement activities. In addition, Defendant Roseman, as Sheriff of Humphreys County, Mississippi, is responsible for the implementation and promulgation of official policy for the Sheriff's Department.

56. The denial of medical care to Plaintiff was, according to Defendant Buchanan, the result of direct orders of Defendant Roseman.

57. In addition, the violent tendencies of the two deputy Defendants were known, or should have been known, to Defendant Roseman prior to the events that are the subject of this lawsuit. The injuries suffered by Plaintiff were foreseeable and he had the power and authority to alleviate them.

58. Further, Defendant Roseman failed to properly train and supervise the two Deputy Defendants, thereby resulting in the violation of the Plaintiff's constitutional rights as mentioned herein.

59. Instead, Roseman demonstrated a deliberate and reckless indifference to the actions of these individual Defendants and their pattern of violence and denial of constitutional rights. Defendant Roseman was also deliberately indifferent to the need for adequate training and supervision of the individual Defendants.

60. This pattern of violence and denial of constitutional rights had, prior to the events alleged in this Complaint, risen to such a level that it became part of the custom, policy or practice of the Humphrey County Sheriff's Department.

61. As a result, pursuant to Section 1983, Plaintiff asserts a claim against Humphreys County, Mississippi for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, the due process clause of the Fourteenth Amendment, and/or Equal Protection Clause.

62. The Defendant has caused him pain, suffering, emotional distress, physical injuries, disability, loss of wages, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

63. Plaintiff seeks compensatory and punitive damages against said Defendant in an amount to be determined at trial.

64. Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

65. Plaintiff seeks prejudgment interest against said Defendant on the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

66. Plaintiff also seeks post-judgment interest as provided by statute.

### Count III - - liability of Roseman under Section 1983

67. For the reasons stated in Count II, in addition to imposing liability on the County as a final policymaker, Roseman has individual liability.

11

68. As a result, pursuant to Section 1983, Plaintiff asserts a claim against Defendant Roseman for deprivation of his constitutional rights under the Fourth Amendment, Eighth Amendment, due process clause of the Fourteenth Amendment, and/or Equal Protection clause.

69. The Defendant has caused him pain, suffering, emotional distress, physical injuries, disability, loss of wages, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

70. Plaintiff seeks compensatory and punitive damages against said Defendant in an amount to be determined at trial.

71. Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendant.

72. Plaintiff seeks prejudgment interest against said Defendant on the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

### Count IV - - State law claims

73. Plaintiff repeats and realleges Paragraphs 1 through 72, and incorporates them by reference herein.

74. The Defendants intentionally caused bodily harm to Plaintiff by using unreasonable and excessive force upon his person. In addition, the Defendants aroused fear in the Plaintiff, by and through their conduct.

75. The aforementioned assault and battery was accomplished without the

12

consent and against the will of the Plaintiff.

76. The Defendants intentionally caused bodily harm to the Plaintiff when they knew, or should have known, that emotional distress would likely result.

77. The conduct of the Defendants was outrageous and beyond all bounds of decency so as to be regarded as odious and utterly intolerable in a civilized community.

78. The conduct of the Defendants caused severe emotional distress to the Plaintiff.

79. Plaintiff was improperly detained, arrested, and charged with the crime of possession of a weapon by a felon.

80. The entire proceeding for said charge and instituted against the Plaintiff lacked probable cause and/or was based upon inadmissible evidence.

81. The institution of the criminal proceeding against the Plaintiff was done with malice, designed to place the Plaintiff in prison and/or in an attempt to persuade the Plaintiff to forego his claim(s) against the aforementioned Defendants. As such, the Defendants acted in a manner so as to result in an abuse of process and/or malicious prosecution.

82. As a direct and proximate result of the aforementioned conduct, the Defendants have caused Plaintiff pain, suffering, emotional and mental distress, disability, loss of wages, loss of wage earning capacity, loss of enjoyment of life, and medical expenses.

83. Plaintiff seeks compensatory and punitive damages against said

Defendants in an amount to be determined at trial.

84. Plaintiff seeks an award of attorneys' fees, costs and other expenses against said Defendants.

85. Plaintiff seeks prejudgment interest against said Defendants on the medical expenses and all other items of damages that are "liquidated" as of the date of the filing of his Complaint.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an award of actual damages in an amount to be determined at trial against all Defendants, jointly and severally. He requests an award of punitive damages in an amount to be determined at trial against the individual Defendants, jointly and severally. He requests an award of attorneys' fees and cost of litigation expenses, pursuant to Section 1988 against all Defendants, jointly and severally. He requests prejudgment interest as set forth above against all Defendants, jointly and severally. He requests costs of court and post-judgment interest as provided by rule and statute.

Respectfully submitted, this, the 8th day of March, 2013.

TIMMY SMITH

By: _____
EDUARDO A. FLECHAS

14

OF COUNSEL:

Eduardo A. Flechas (MB#10669)
Ronald E. Stutzman, Jr. (MB #101454)
Flechas & Associates, P.A.
318 South State Street
Jackson, Mississippi 39201
601-981-9221 phone
601-981-9959 fax

S. Craig Panter (MSB #3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B (39110)
P.O. Box 2310
Madison, Mississippi 39130
Telephone: (601) 607-3156
Facsimile: (601) 607-3157