IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TIMMY SMITH                                                                  PLAINTIFF

VS.                                             CIVIL ACTION NO. 4:13-cv-0061NBB-JMV

HUMPHREYS COUNTY, MISSISSIPPI, RONNIE BUCHANAN,
SAM DOBBINS, J.D. "BUBBA" ROSEMAN (IN BOTH HIS
INDIVIDUAL AND OFFICIAL CAPACITIES), AND JON DOES 1-5        DEFENDANTS

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

COME NOW the Defendants, Humphreys County, Mississippi, Ronnie Buchanan, Sam Dobbins, and J.D. Roseman, in both his individual and official capacities ("Defendants"), by and through their attorneys of record, and respectfully answer or otherwise respond to Plaintiff's Complaint and would show as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendants plead all applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries were not caused by a policy or custom of Humphreys County, Mississippi. Therefore, there is no county liability under federal law.

**FOURTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the Defendant Humphreys County.

**FIFTH AFFIRMATIVE DEFENSE**

While denying that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages in an amount in excess of that proportion permitted by the laws of the United States would violate the Due Process protections of the U.S. Constitution.

PD.8486496.1

Further, Mississippi laws and procedures governing punitive damages are violative of the 6th Amendment, 8th Amendment, the Due Process Clause and Equal Protection Clause of the 14th Amendment, and other provisions, of the United States Constitution in Article III., Section 14 and other provisions of the Constitution of the State of Mississippi.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, MISS. CODE ANN. § 11-46-1 *et seq.*, including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Roseman, the only defendant sued in his individual capacity, is entitled to qualified immunity from Plaintiff's claims in that his conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

### ANSWER

Without waiving any of the aforementioned Affirmative Defenses, Defendants respond to the Complaint as follows:

### PARTIES

1. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 1 of the Complaint, and accordingly, deny same.

2. Defendants admit the allegations contained within paragraph 2 of the Complaint.

3. Defendants admit the allegations contained within paragraph 3 of the Complaint.

4. Defendants admit the allegations contained within paragraph 4 of the Complaint.

5. Defendants admit the allegations contained within paragraph 5 of the Complaint.

6. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 6 of the Complaint, and accordingly, deny same.

## VENUE

7. Defendants admit the United States District Court for the Northern District of Mississippi, Greenville Division, is the proper venue.

## PERSONAL JURISDICTION

8. Defendants admit the United States District Court for the Northern District of Mississippi, Greenville Division, has personal jurisdiction over Defendants.

## SUBJECT MATTER JURISDICTION

9. Defendants admit this Court has subject matter jurisdiction.

## STATEMENT OF FACTS

10. Defendants admit Plaintiff was taken into custody. Defendants deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit Plaintiff was being held at the Humphreys' County Jail on October 17, 2012. Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegation contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the EMS crew was informed that Plaintiff attempted to hang himself. Defendants deny the remaining allegations contained within paragraph 14 of the Complaint.

15. Defendants admit Plaintiff's vital signs were taken. Defendants deny the remaining allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit EMS again was summoned to the Humphreys County Jail. Defendants deny the remaining allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 20 of the Complaint, and accordingly, deny same.

21. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 21 of the Complaint, and accordingly, deny same.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23 Defendants admit Plaintiff was transported by EMS to a hospital.

24. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 24 of the Complaint, and accordingly, deny same.

25. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 25 of the Complaint, and accordingly, deny same.

26. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 26 of the Complaint, and accordingly, deny same.

27. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 27 of the Complaint, and accordingly, deny same.

28. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 28 of the Complaint, and accordingly, deny same.

29. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 29 of the Complaint, and accordingly, deny same.

30. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 30 of the Complaint, and accordingly, deny same.

31. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 31 of the Complaint, and accordingly, deny same.

32. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 32 of the Complaint, and accordingly, deny same.

PD.8486496.1

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny they caused any injury to Plaintiff. Defendants are without information sufficient to admit or deny the remaining allegations contained within paragraph 34 of the Complaint, and accordingly, deny same.

35. Defendants are without information sufficient to admit or deny the allegations contained within paragraph 35 of the Complaint, and accordingly, deny same.

## CAUSES OF ACTION

36. To the extent paragraph 36 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 36 of the Complaint.

37. To the extent paragraph 37 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 37 of the Complaint.

38. To the extent paragraph 38 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 38 of the Complaint.

39. To the extent paragraph 39 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 39 of the Complaint.

40. To the extent paragraph 40 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 40 of the Complaint.

41. To the extent paragraph 41 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 41 of the Complaint.

42. To the extent paragraph 42 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 42 of the Complaint.

43. To the extent paragraph 43 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 43 of the Complaint.

44. To the extent paragraph 44 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 44 of the Complaint including, subparts (a)-(f).

45. To the extent paragraph 45 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 45 of the Complaint.

46. To the extent paragraph 46 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 46 of the Complaint.

**COUNT ONE**
**LIABILITY OF DOBBINS AND BUCHANAN PURSUANT TO SECTION 1983**

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. To the extent paragraph 48 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Paragraph 50 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

51. Paragraph 51 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

52. Paragraph 52 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

53. Paragraph 53 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

54. Paragraph 54 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

### COUNT TWO
### COUNTY LIABILITY UNDER SECTION 1983

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. To the extent paragraph 61 includes legal conclusions, Defendants are not required to respond. Defendants deny the factual allegations contained in paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

PD.8486496.1

63. Paragraph 63 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

64. Paragraph 64 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

65. Paragraph 65 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

66. Paragraph 66 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

## COUNT THREE
## LIABILITY FOR ROSEMAN UNDER SECTION 1983

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. Paragraph 70 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

71. Paragraph 71 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

72. Paragraph 72 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

## COUNT FOUR
## STATE LAW CLAIMS

73. Defendants incorporate their responses to paragraphs 1-72 in response to the allegations contained within paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. Defendants deny they assaulted or battered Plaintiff. Defendants deny the remaining allegations contained in paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 of the Complaint

83. Paragraph 83 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

84. Paragraph 84 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

85. Paragraph 85 of Plaintiff's Complaint does not contain allegations to which Defendants are required to respond. Should Defendants be mistaken in this regard, Defendants deny the allegations contained within said paragraph of Plaintiff's Complaint.

PD.8486496.1

Defendants deny the allegations contained in the last unnumbered paragraph of the Complaint, starting with "WHEREFORE, PREMISES CONSIDERED." Defendants deny any allegations contained in the Plaintiff's Complaint not expressly admitted herein and further deny Plaintiff is entitled to any of the relief requested in the Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that this Court dismiss the Complaint and award Defendants their costs, expenses and attorneys' fees.

March 29, 2013.

    Respectfully submitted,

    **PHELPS DUNBAR, LLP**

BY:   */s/ R. Gregg Mayer*
      Gary E. Friedman, MB #5532
      R. Gregg Mayer, MB #102232
      Saundra Strong, MB #101164
      4270 I-55 North
      Jackson, Mississippi 39211-6391
      P. O. Box 16114
      Jackson, Mississippi 39236-6114
      Telephone: (601) 352-2300
      Telecopier: (601) 360-9777

## CERTIFICATE OF SERVICE

I, R. GREGG MAYER, do hereby certify that on March 29, 2013, I electronically filed the foregoing *Answer & Affirmative Defenses* with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ R. Gregg Mayer
R. GREGG MAYER
